moneys were not voluntarily deposited by the plaintiff or voluntarily received by the defendant. There was nothing in the nature of a contract or agreement between the parties, which could be broken so as to lay a foundation for an action of assumpsit. For a breach of duty by the defendant in not paying genuine drafts by the plaintiff for moneys deposited, the defendant is responsible only to the common superior of both parties—the United States. The obligation of the defendant was created by law and not by contract and was an obligation to the United States and not to the plaintiff. I find for the defendant and direct a judgment to be entered in his favor, with costs.

## Case No. 9,811.

### MORGAN v. VOSS.

[1 Cranch, C. C. 109.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

CONTINUANCE — ISSUE NOT MADE — REQUEST OF DEFENDANT.

If at the last calling of a cause for trial, the issue be not made up, and no rule to plead has been laid, the court will continue the cause at the request of the defendant, although it be the fifth term after the appearance term.

This was the fifth term after the appearance term. A rule to declare had been laid on the plaintiff at the last term. The declaration was filed at this term. No rule to plead had been laid. The cause was now called for trial, it being the last time of calling the cause, according to the rule of the court. The plaintiff insisted upon plea and issue instanter. The defendant contended for a continuance.

THE COURT continued it. CRANCH, Circuit Judge, doubting; thinking the plaintiff ought to be nonsuit under the act of assembly of Maryland.

[See Case No. 9.812.]

## Case No. 9,812.

### MORGAN v. VOSS.

[1 Cranch, C. C. 134.] [1]

Circuit Court, District of Columbia. July Term, 1803.

CONTINUANCE—DEPOSITION NOT RETURNED— AFFIDAVIT.

The court will not continue the cause because a commission to examine a witness is not returned, unless the materiality of the witness be shown by affidavit.

Commission to Virginia, issued March, 1802. New commission ordered July, 1802. Issued September, 1802. Interrogatories filed December, 1802.

Motion by P. B. Key, for the defendant, to continue the cause for want of a return of

the commission. No affidavit of the materiality of the witness. Refused.

[See Case No. 9,811.]

———

MORGAN (WATERMAN v.). See Case No. 17,259.

MORGAN, The CHARLES. See Case No. 2,-618.

MORGAN ENVELOPE CO. (CONE v.). See Case No. 3,096.

———

## Case No. 9,813.

### In re MORGANTHAL.

[1 N. B. R. 402 (Quarto, 98); [1] 25 Leg. Int. 92; 6 Phila. 468.]

District Court, D. Pennsylvania. March 14, 1868.

BANKRUPTCY—AMENDMENT TO SCHEDULES—CLOSE OF FIRST MEETING—CONDITIONS.

1. A bankrupt cannot amend his schedules, by adding other names to the list of creditors, as of course, after the warrant, and after the close of the business of the first meeting.

2. The register may report provisionally as to the conditions on which the amendments should be allowed.

[In the matter of John Morganthal, a bankrupt.]

CADWALADER, District Judge. The petition of this bankrupt returns, of unsecured debts, in Schedule A 3, eleven items for, together, about six hundred dollars. He now applies to amend by adding to the list twenty other debts, for amounts together exceeding that sum in a small amount. He proposes, at the same time, to add, by way of amendment, six items of outstanding credits, not in the original schedules of his estate, to the amount of, together, $314.25, which is not a small proportional addition to the property at first disclosed. The register seems to be of opinion that amendments of this kind should be allowed, as of course, after the warrant, and after the close of the business of the first meeting. This would be a very dangerous practice, where such culpable laxity is indicated as this case exhibits. The clerk will send to him a copy of the register's and court's opinions, in the Case of Ratcliffe [Case No. 11.578], 2d and 23d November, 1867. The amendments asked for in the present case cannot be allowed, except upon such conditions as may prevent injustice to creditors. What those conditions ought to be may be reported provisionally by the register. There certainly must be a new list of creditors made out and sent to every known creditor, with a notice of the amendment of the schedule of property. Whether a new warrant will be necessary, depends upon the question, whether a new general notice by publication will

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reprinted from 1 N. B. R. 402 (Quarto, 98), by permission.]